UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KARLTON JEFFREY ZELLAR,**

    Plaintiff-Claimant,

    v.                      Case No. 13-C-960

**CAROLYN W. COLVIN,**[1]
**Acting Commissioner of Social Security,**

    Defendant-Respondent.

## DECISION AND ORDER

Pro se Plaintiff-Claimant Karlton Jeffrey Zellar ("Zellar") seeks leave to proceed *in forma pauperis* on his appeal from the denial of his social security disability benefits claim. In order to authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: First, whether the litigant is unable to pay the costs of commencing this action; and, second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i).

By his petition and affidavit to proceed *in forma pauperis*, Zellar avers that he is unemployed, and married but separated from his wife. He has three sons and a daughter, whom he is obligated to support but he is unable to provide any financial

---

[1] The Complaint lists the Defendant-Respondent as "Social Security." However, 42 U.S.C. § 405(g) provides for judicial review of the final decision of the Commissioner of Social Security. The Court has amended the caption to reflect the proper Defendant-Respondent and takes judicial notice that Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. *See Krupski v. Costa Crociere S. p. A,* ____ U.S. ____, 130 S.Ct. 2485, 2495 (2010) (noting that individuals who file lawsuits challenging administrative denials of benefits often fail to name the party identified in the statute as the proper defendant, and citing examples.)

support. Zellar states that he receives public assistance in the amount of $400 per month from FoodShare and that he lives with his seventy-year-old mother. Zellar's only asset is a 2005 Buick LaSabre automobile, for which he does not provide a current value. Zellar also states that his wife "wouldn't give anything to [him]." While the context suggests that she will not give him any information, the statement could also mean that she will not provide Zellar with any type of financial support. Regardless, in the Court's view Zellar has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the $350 filing fee for this action.

Zellar must next demonstrate that his action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir. 1993). The Court is obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

Under 42 U.S.C. § 405(g), a plaintiff may obtain review of the Social Security Commissioner's decision. The standard of review that the Court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Jens v. Barnhart,* 347 F.3d 209, 212 (7th Cir. 2003).

Zellar states that his request for review was denied and that, although the Commissioner found that there are jobs that he can perform, no one will hire him
- 2 -

because he has not worked for three years due to his back. Thus liberally construed, Zellar's Complaint states a claim that the Commissioner's decision regarding the denial of his application for disability benefits is not supported by substantial evidence, or is contrary to law. At this preliminary stage of the proceedings, the Court concludes that there may be a basis in law or in fact for Zellar's appeal of the Commissioner's decision and the appeal may have merit, as defined by 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, the Court grants Zellar's request to proceed *in forma pauperis*.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Zellar's petition for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 3 -

Case 2:13-cv-00960-NJ   Filed 08/29/13   Page 3 of 3   Document 4